WILLIAM H. COOPER *vs.* HAMILTON MANUFACTURING COMPANY.

In an action brought against a manufacturing corporation to recover damages for a personal injury sustained by a workman employed by the corporation, while aiding other workmen in removing a heavy machine into a room by means of trucks, one wheel of which broke through the floor and thus led to the injury, the presiding judge, at the conclusion of the plaintiff's evidence, which showed that the injury was received in the manner above set forth, ruled that "the principle of law that an employee injured by the negligence of others in the service of the same employer, while he was acting in the discharge of his duty, and all acting in a common service, would not apply to this case, so as to be fatal to the plaintiff's right to recover." The defendants thereupon introduced evidence upon the question of their own negligence, and this question was submitted to the jury, who found for the plaintiff. *Held,* that the defendants were entitled to a new trial.

TORT to recover damages for a personal injury sustained by the plaintiff while in the employment of the defendants, a manufacturing corporation.

At the trial in the superior court, before *Rockwell,* J., the plaintiff introduced testimony tending to show that he was employed by the defendants as workman in their repair shop; that on the day of the injury his foreman called upon him and several others to help get a wash roller, which was just out of the

door of the repair shop, back into the bleach-house; that the wash-roller was eight or ten feet long, weighed about half a ton, and was upon trucks with four wheels, and had two pieces of wood upon each side of it so as partly to steady it; that he and the other men so called upon took hold, and after they got through the door the others let go, but he held on, and it went along pretty fast for a few feet, till one of the hind wheels broke through the floor, and the end of the roller struck his ankle and thus caused the injury complained of.

At the conclusion of the evidence for the plaintiff, the defendants asked the court to rule that, upon this evidence, the plaintiff could not maintain his action; but the court refused so to rule, and ruled that there was sufficient evidence in support of the plaintiff's action to be submitted to the jury, and also that the principle of law, that an employee injured by the negligence of others in the service of the same employer, while he was acting in the discharge of his duty, and all acting in a common service, would not apply in this case, so as to be fatal to the plaintiff's right to recover.

The defendants thereupon introduced evidence tending to show that they had been guilty of no negligence; and requested the court to instruct the jury that upon the evidence the plaintiff could not maintain his action, and could not recover unless they were satisfied that the accident was caused by the carelessness and negligence of the defendants, and that there was not sufficient evidence of such carelessness or negligence to warrant the jury in finding for the plaintiff. But the judge refused to instruct the jury in those terms, and instructed them upon those points as follows:

"To sustain his action, due care on his part being admitted, the plaintiff must prove affirmatively the want of due and ordinary care on the part of the defendants. If he satisfies the jury, upon the whole evidence, (the burden of proof being upon him,) that the defendants provided and used an unsafe and unfit floor for the purposes for which it was used, and such providing and use arose from want of ordinary care on the part of the defendants, and that by reason of this want of care, the

injury was incurred, then the defendants are responsible. But if the defendants exercised due and ordinary care in providing a safe floor, and in keeping it reasonably safe and fit for the purposes for which it was used, they are not responsible."

The jury returned a verdict for the plaintiff; and the defendants alleged exceptions.

*D. S. Richardson*, for the defendants.

*R. B. Caverly*, for the plaintiff.

BIGELOW, C. J. We feel constrained to set aside this verdict, not because the case was one which ought not to have been submitted to the determination of the jury, but because the defendants were precluded by the ruling of the court from submitting to their consideration a ground of defence which ought to have been left open to them. It appears by the exceptions that, after the evidence in support of the plaintiff's case was put in, the court made the peremptory ruling that the principle of law that an employee could not maintain an action against his employer if he was injured by the negligence of others in the service of the same employer, when he was acting in the discharge of his duty and all were acting in a common service, would not be applicable to the case. The effect of this decision, at the stage of the case at which it was announced, was to shut out the defendants from offering any evidence to sustain a defence based on the rule of law referred to. This we think was erroneous. No doubt the defendants were bound to provide suitable structures for carrying on all the operations necessary to the transaction of the business or performing the work in which the persons employed by them were engaged. As applied to the case at bar, this principle of law would require of them to use proper care in order to see that the floors were of sufficient strength to support any machine which it was necessary to move over or upon them. But the nature of this care which they were bound to use was such that the defendants might have performed their full legal duty by employing suitable persons of competent skill and experience, whose business it was to keep the floors in such condition as to repairs that they were fit and safe for use for any of the purposes for which it

might become necessary to appropriate them. If they were diligent and careful to this extent, and any want of repair had not existed for so long a time as to show absolute negligence on the part of the defendants, then the accident would have been attributable to the negligence of an agent or servant in the service of a common employer with the plaintiff, and the case would have come within the principle which the court, without hearing the evidence in behalf of the defendants, decided was inapplicable to the case. *Snow* v. *Housatonic Railroad*, 8 Allen, 411. *Gilman* v. *Eastern Railroad*, 13 Allen, 433, 441. It seems to us that the defendants should have been allowed to go into this ground of defence, and, after introducing evidence in its support, to ask the consideration of the jury to the question, whether the injury to the plaintiff did not occur by reason of the negligence of a fellow-servant for which they were not legally responsible.

We are also strongly inclined to the opinion that there was evidence in the case that the accident happened in consequence of the careless mismanagement of some of the persons who were engaged with the plaintiff in moving the machine from the repair shop into the bleach-house; that is, that it was caused by the carelessness of some of the workmen in letting go their hold of the machine immediately after it had passed through the door of the bleach-house, instead of retaining their hold upon it, as did the plaintiff, so as to prevent it from passing too rapidly over the floor, and thereby causing too sudden a pressure upon it.

The effect of the ruling of the court was to exclude the defendants from this ground of defence.

*Exceptions sustained.*